THEODORE KOLYER, RESPONDENT, *v.* GEORGE BENNETT, AS EXECUTOR, ETC., OF ELIZA A. KOLYER, DECEASED, APPELLANT.

*Legacy — when payable before the expiration of one year from the testator's death.*

APPEAL from a judgment in favor of the plaintiff, entered upon an order sustaining a demurrer to the answer, and granting leave to the plaintiff to issue execution upon the judgment.

The action was brought to recover a legacy.

The court at General Term said: "No doubt this action was prematurely brought, unless the will contains an express direction for the payment of the legacy to Theodore Kolyer within one year after the death of the testator. (2 R. S., 90, sec 43; Code Civ. Proc., sec. 1819 ; *Bradner* v. *Faulkner,* 12 N. Y., 474; *Wheeler* v. *Ruthven,* 74 id., 431.) The will bequeaths to each of several grandchildren of the testatrix named therein, certain pecuniary legacies, and also bequeaths to her son, Theodore Kolyer, the sum of $2,000, ' which sum (the will proceeds to direct) shall be kept to his refusal in the hands of my daughter, Mrs. Sarah Jane Bennett, and paid to him only in the way and manner as he may request.' The will then directs as follows : 'All these before named sums of

money bequeathed to my grandchildren shall be paid to each and every one by my hereafter named executor at the elapse of six months after my death; but the money bequeathed to my son Theodore shall be paid over to my daughter Sarah Jane Bennett and by her properly invested to stand to his refusal as formerly stated.'

"It will be readily perceived that the sole object of this clause was to designate the time for the payment of legacies. The naming of Theodore therein, we think, shows the intention of the testatrix that the time so fixed should apply to and govern the legacy to him as well as the other legacies. The language employed could have been intended to make no other qualification touching the legacy to Theodore, than that it should be paid to her daughter and not to the legatee personally. Without such qualification, the direction might have been construed as a change of the previous clause whereby the legacy to him was bequeathed, and a repetition of the direction for its payment to her daughter can have no other significance.

"Unless the testatrix intended to prescribe a time for the payment of all the legacies, the insertion of Theodore's name therein was useless and nugatory.

"We think, however, that the court erred in granting leave to the plaintiff to issue execution for the enforcement of the judgment, and that the judgment should be modified by striking out the clause which grants such leave. Inasmuch as the defendant is acting in a representative capacity, he should have leave to plead anew."

*Albert G. McDonald*, for the appellant.

*E. S. Pride* for the respondent.

Opinion by GILBERT, J.; DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment modified by striking out leave to issue execution, and as modified affirmed, with costs. Leave given to appellant to plead anew.